### Case No. 3,909.

DIKE et al. v. The VON LEFFERL LAHSEN.

[N. Y. Times, June 28, 1865.]

District Court, S. D. New York. 1865.

SHIPPING—DELIVERY OF CARGO—LOSS ON PIER.

[Actual receipt by the consignees of all the cargo shipped to them. and their verification thereof by weighing. discharge the carrier from liability for a part which is thereafter lost while on the pier.]

[This was a libel by James P. Dike and others against the bark Von Lefferl Lahsen for loss of cargo.]

Mr. Van Santvoord, for libelants.
Mr. Hill, for claimants.

BETTS, District Judge. This was an action upon a bill of lading executed in London on December 18, 1863, for the carriage of thirty-one bales of wool to be delivered to the libelants as consignees. One bale of wool was lost, and it was for that loss that the action was brought. Notice was given to the consignees by the ship on her arrival of the time and place of delivery of cargo, and the consignees came to the place with an inspector and weighmaster, and proceeded with the actual receipt and storage of the wool from the 22nd of April to May 4. The whole number of thirty-one bales were actually landed on the pier and weighed. Two bales were left on the pier till the 4th of May, and on that day one was abstracted, and only thirty bales were secured by the consignees.

HELD BY THE COURT: That the method in which the ship was bound to make perfect delivery of her lading at this port, according to the legal import of her contract of affreightment, was to land it on the dock, on reasonable previous notice to the consignees of the time and place of the unlading. The Grafton [Case No. 5,656]; Richardson v. Goddard, 23 How. [64 U. S.] 28; Pars. Mar. Law, 158. That on the law and the facts the delivery of the entire cargo was legally perfected to the consignees in fulfilment of the obligation of the bill of lading, and the parties libelants are solely chargeable with the value of the bale of wool, whether tortiously abstracted or accidentally lost whilst left by them on the pier, after being discharged from the ship. It was thereafter, in intendment of law, as fully in the possession of the consignees or their assigns as if actually stored within their warehouse. Libel dismissed with costs.